IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA ex rel. DAVID AYALA, | ) ) ) | | |
| Petitioner, | ) ) | | |
| vs. | ) ) | No. 97 C 2864 | DOCKETED |
| ODIE WASHINGTON, Director, Illinois Department of Corrections, | ) ) ) ) | | SEP 3 0 1997 |
| Respondent. | ) ) | | |

MEMORANDUM OPINION AND ORDER

David Ayala ("Ayala") petitions *pro se* for habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND

The factual findings of a state trial or appellate court are presumed true in a federal habeas proceeding unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The following facts are drawn from the Illinois appellate court opinion affirming Ayala's conviction.

Ayala was a member of the 26 Boys street gang, who were enemies of the Latin Kings. On August 16, 1981, a meeting of the 26 Boys was held at Ayala's home, where the gang members discussed "making hits" on Latin King gang members. Ayala received a telephone call informing him that Latin King gang members were in Pietrowski Park in Chicago. Ayala passed out

13

weapons to gang members, including a handgun, a rifle, a shotgun and a machine gun. Ayala's three co-defendants then drove Ayala's van towards Pietrowski Park.

As Ayala's co-defendants approached the area, they observed a large group of people in the park. They drove down an alley and parked the van. The driver (Cruz) waited in the van while the other two (Palomo and Soto) walked down the alley carrying guns. Cruz heard gunshots and Palomo and Soto returned to the van, stating someone might have been hit. Cruz then drove back to Ayala's house. As a result of the shooting at Pietrowski Park, Juan Padilla, a member of the Latin Kings, was wounded by a gunshot to his back. Hector Valeriano, a Marine on leave who had gone to the park to play softball, was killed. Julie Limas, a sixteen year old high school student, was also killed.

Before *voir dire* of Ayala's jury began, the state trial court outlined and explained the fundamental principles of presumption of innocence and reasonable doubt. The trial court further questioned each juror about the state's burden of proof and the jurors' obligation if that burden was not sustained. During closing argument, defense counsel repeatedly emphasized the presumption of innocence and the state's burden to prove a defendant guilty beyond a reasonable doubt. However, at the instructions conference, the Illinois pattern instruction on the presumption of innocence and the burden of proof was not tendered

by the state, requested by the defense, or required by the court. The pattern instruction was not read to the jury; nor did the jury receive a written instruction on the presumption of innocence or the burden of proof.

The jury convicted Ayala of murder, attempted murder, and conspiracy. He was sentenced to natural life for murder, 30 years for attempted murder, and 7 years for conspiracy, the sentences to run concurrently. On direct appeal, Ayala argued the trial court erred by: (1) failing to instruct the jury on the presumption of innocence and the burden of proof; (2) granting a motion for substitution of judges made by Ayala's co-indictee, who was the state's main witness; and (3) imposing a natural life sentence. The Illinois appellate court rejected Ayala's claims and affirmed his conviction and sentence. People v. Ayala, 142 Ill. App. 3d 93, 491 N.E.2d 154 (1st Dist. 1986). Ayala petitioned the Illinois Supreme Court for leave to appeal, raising only the first of the three claims. The court denied Ayala's petition. On April 22, 1997, Ayala filed this *pro se* petition for writ of habeas corpus, raising the same three grounds for relief that he raised on direct appeal in state court.

## DISCUSSION

### I. Habeas Corpus Procedural Requirements

Ayala must clear two procedural hurdles before the court may reach the merits of his habeas corpus petition: exhaustion of remedies and procedural default. Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir. 1995) (citations omitted). A habeas corpus petitioner exhausts all state remedies when (1) he presents his claims to the highest state court for a ruling on the merits, Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), or (2) no state remedies remain available to the petitioner at the time his federal habeas petition is filed. Id. (citing Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982)). Any attempt by Ayala to seek post-conviction review in state court would be futile. See People v. Coleman, 168 Ill.2d 509, 214 Ill.Dec. 212, 660 N.E.2d 919, 927 (1995), cert. denied, 117 S. Ct. 91 (1996) ("[D]eterminations of the reviewing court on direct appeal are *res judicata* as to issues actually decided and issues that could have been raised on direct appeal but were not are waived"). Therefore, the exhaustion requirement is satisfied. Gomez v. Acevedo, 106 F.3d 192, 195 - 96 (7th Cir. 1996).

Procedural default may occur in one of two ways. First, the petitioner may fail to raise fairly and properly an issue on direct appeal or post-conviction review. Rodriguez, 63 F.3d at

4

555 (citations omitted). Alternatively, the state court may rely on a state procedural bar as an independent and adequate ground for its disposition of the case. Caldwell v. Mississippi, 472 U.S. 320, 327 (1985). Respondent[1] asserts Ayala defaulted two of his three claims by not including them in his petition to the Illinois Supreme Court. A procedural flaw forms an independent and adequate basis for a judgment only if the state views the procedural flaw as a forfeiture of further review. Gomez, 106 F.3d at 195. The critical question is why Illinois prohibits claims like Ayala's on state post-conviction review. "The distinction between a *res judicata* rationale and a procedural waiver rationale is important because federal review is precluded only by procedural forfeitures, not by *res judicata* concerns." Id. (citing Hogan v. McBride, 74 F.3d 144, 146 (7th Cir. 1996). In Gomez, the Seventh Circuit determined Illinois does not apply its waiver doctrine to petitions for leave to appeal, citing People v. Edgeworth, 30 Ill. App. 3d 289, 332 N.E.2d 716, 720 (1975). The court found this policy to be consistent with the very nature of discretionary review. Ayala's failure to present two of his three claims to the Illinois Supreme Court is not an

---

[1] James Ryan, Attorney General of the State of Illinois, was incorrectly named as a respondent. Rule 2 of the rules governing § 2254 cases provides in an action challenging the petitioner's present custody, the only proper respondents are the state officers having custody of the petitioner. James Ryan is not Ayala's custodian; accordingly, he is dismissed from this action.

5

obstacle to state post-conviction review of those claims. Therefore, Ayala has not procedurally defaulted any of his claims, and this court may reach the merits of his petition. Ayala has the burden of showing the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## II. Failure to Instruct the Jury

Ayala argues the trial court's failure formally to instruct the jury on the presumption of innocence and the burden of proof denied him due process and a fair trial. In <u>Kentucky v. Whorton</u>, 441 U.S. 786 (1979), the Supreme Court of the United States held

> the failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution. Under <u>Taylor</u> [v. Kentucky, 436 U.S. 478 (1978)], such a failure must be evaluated in light of the totality of the circumstances -- including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors -- to determine whether the defendant received a constitutionally fair trial.

441 U.S. at 789. Applying the harmless error approach set forth in <u>Taylor</u> and <u>Whorton</u>, the Illinois appellate court found the failure to instruct the jury on the presumption of innocence and the burden of proof did not deprive Ayala of a constitutionally fair trial. The court reasoned:

Before voir dire of the jury began, the trial court

6

> outlined and explained the fundamental principles of
> presumption of innocence and reasonable doubt. The
> court questioned each juror about the State's burden of
> proof and their obligation if that burden was not
> sustained. The record indicates that all jurors were
> present during the questioning of other jurors. Thus,
> the jurors heard the questions about fairness and
> burden of proof numerous times. During defense
> counsel's closing argument, the presumption of
> innocence of the defendants was repeatedly emphasized,
> as well as the burden of the State to prove each
> defendant guilty beyond a reasonable doubt. The
> verdict of the jury finds ample support in the record
> since it was based on the testimony of an eyewitness to
> the crime. Although the written presumption of
> innocence and burden of proof instruction should have
> been tendered to the jury, we conclude that its
> omission did not deny defendants a constitutionally
> fair trial. From our review of the record, the
> importance of the principles was adequately
> communicated to the jury by the trial court as well as
> the arguments of counsel.

Ayala, 142 Ill. App. 3d at 97, 491 N.E.2d at 157.

If the Whorton "totality of the circumstances" test was the correct test to apply, there is no question habeas relief would be unavailable. The state court offered "a responsible, thoughtful answer" after Ayala had a full opportunity to litigate his claim. If a state court reasonably applies the correct legal test, a federal court sitting in habeas corpus must accept the state court's conclusion. See Lindh v. Murphy, 96 F.3d 856, 871 (7th Cir. 1996), rev'd on other grounds, 117 S. Ct. 2059 (1997). The critical question, then, is whether the Illinois appellate court applied the correct test or whether, in employing harmless error analysis, the state court's decision was "contrary to ... clearly established Federal law, as determined by the Supreme

Court of the United States." 28 U.S.C. § 2254(d)(1). As demonstrated below, the answer to this question is not readily apparent. The answer ultimately depends on the meaningfulness of the distinction between (1) a jury that has been affirmatively misled about the burden of proof, and (2) a jury that has not received a formal instruction on the burden of proof.

The "totality of the circumstances" test applied by the state court had its genesis in Taylor and Whorton. Ayala correctly argues those two cases merely addressed the omission of a presumption of innocence instruction *where an instruction on the burden of proof had been given*. Ayala argues the omission of an instruction on the burden of proof can never be harmless error. In his favor, there is a line of Supreme Court precedent finding it impossible to employ harmless error analysis where a trial court, in instructing a jury, affirmatively misstates the government's burden of proof. See Sullivan v. Louisiana, 508 U.S. 275 (1993) (harmless error analysis inapplicable where trial judge gave definition of "reasonable doubt" essentially identical to one previously held unconstitutional); Cool v. United States, 409 U.S. 100 (1972) (reversal required where trial court's instructions unfairly reduced the government's burden of proof). Moreover, at the outset of its analysis in Victor v. Nebraska, the Supreme Court stated:

> Indeed, so long as the court instructs the jury on the necessity that the defendant's guilt be proven beyond a

> reasonable doubt, see Jackson v. Virginia, 443 U.S. 307, 320, n. 14, 99 S. Ct. 2781, 2789, n. 14, 61 L.Ed.2d 560 (1979), the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. Cf. Taylor v. Kentucky, 436 U.S. 478, 485 - 486; 98 S. Ct. 1930, 1934 - 1935, 56 L.Ed.2d 468 (1978). Rather, 'taken as a whole, the instructions [must] correctly conve[y] the concept of reasonable doubt to the jury.' Holland v. United States, 348 U.S. 121, 140, 75 S. Ct. 127, 137, 99 L.Ed. 150 (1954).

511 U.S. 1, 5, 114 S. Ct. 1239, 1243 (1994). Footnote 14 in Jackson states in part, "Our cases have indicated that failure to instruct a jury on the necessity of proof of guilt beyond a reasonable doubt can never be harmless error. See Cool v. United States." 443 U.S. at 320, n. 14.

One reasonable interpretation of the Court's language in Victor and in Jackson is that the omission of *any* jury instruction on the government's burden of proof is *per se* violative of the Constitution. This interpretation becomes questionable once the cases and the citations are examined further. First, the statement contained in Jackson's footnote 14 was pure *dictum*. The Jackson case itself had nothing to do with the problem of jury instructions on the burden of proof. Moreover, it is unclear if the language of footnote 14 should be read to cover the *omission* of a burden of proof instruction. Indeed, the Court cited only to Cool to support its statement; as noted above, the trial court in Cool affirmatively misled the jury about the government's burden of proof. Similarly, the

9

language quoted from Victor and Holland should be interpreted with an eye toward the particular questions faced by the Court in those cases. In Victor and Holland, the Court was presented with trial court instructions that affirmatively reduced the government's burden of proving the defendant guilty beyond a reasonable doubt. Viewed in this light, the Court may not have been speaking to the problem of omitted instructions when it stated instructions, taken as a whole, "must correctly convey the concept of reasonable doubt."

Nor does Victor's "so long as the court instructs the jury" language necessarily speak to the problem whether harmless error analysis may be employed where a burden of proof instruction has been omitted. After its prefatory language, the Victor Court went on to say, "the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof." 511 U.S. at 5, 114 S. Ct. at 1243. The Victor Court did not clearly indicate the omission of a burden of proof instruction is *per se* violative of the Constitution. To be sure, that negative inference may be drawn, but it is not a mandatory interpretation. Thus, no Supreme Court case clearly states harmless error analysis is inapplicable where a jury has not been instructed formally on the burden of proof. Ayala can, however, draw support from one dissenting opinion that explicitly addressed the issue of an omitted burden of proof

instruction. Justice White, dissenting from an opinion extending harmless error analysis to coerced confessions, offered the following:

> A jury instruction on the presumption of innocence is not constitutionally required in every case to satisfy due process, because such an instruction merely offers an additional safeguard beyond that provided by the constitutionally required instruction on reasonable doubt. See Whorton, supra, 441 U.S., at 789, 99 S. Ct., at 2089; Taylor v. Kentucky, 436 U.S. 478, 488-490, 98 S. Ct. 1930, 1936-1937, 56 L.Ed.2d 468 (1978). While it may be possible to analyze as harmless the omission of a presumption of innocence instruction when the required reasonable-doubt instruction has been given, it is impossible to assess the effect on the jury of the omission of the more fundamental instruction on reasonable doubt. In addition, omission of a reasonable-doubt instruction, though a "trial error," distorts the very structure of the trial because it creates the risk that the jury will convict the defendant even if the State has not met its required burden of proof. Cf. Cool v. United States, 409 U.S. 100, 104, 93 S. Ct. 354, 357, 34 L.Ed.2d 335 (1972); In re Winship, 397 U.S. 358, 364, 90 S. Ct.1068, 1072, 25 L.Ed.2d 368 (1970).

Arizona v. Fulminante, 499 U.S. 279, 291 (1990) (White, J. dissenting). Undoubtedly, if Justice White's language appeared in an opinion for the Court, habeas relief would be required. However, the language of a dissenting opinion does not justify the conclusion the state court's decision "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Thus, this court is left to assess the meaningfulness of the distinction between (1) a jury that has been affirmatively misled about the burden of proof, and (2) a jury that has not received a

formal instruction on the burden of proof. An Illinois court has relied on this very distinction in applying a "totality of the circumstances" test where another trial court failed to give the Illinois pattern instruction on the burden of proof.

> The Sullivan case [508 U.S. 275]...is inapposite... because it addresses the trial court's error in misdefining and thereby diluting the reasonable doubt standard. In contra-distinction, the trial court's instructions and relevant circumstances at trial in the case before us ... informed the jury of the proper standard to be applied ...; the trial court simply failed to give a general independent instruction on that burden of proof *sua sponte*.

People v. King, 248 Ill. App. 3d 253, 279 - 280, 618 N.E.2d 709, 727 (1st Dist. 1993).

There does seem to be a meaningful difference between the two cases. Where the burden of proof has been misdefined and therefore diluted, harmless error is clearly inappropriate, because one could not possibly analyze the effect of the burden's dilution on the jury's deliberations. If the burden of proof had been misdefined, it would be impossible to conclude Ayala had a fair trial. On the other hand, harmless error analysis seems more appropriate where the instruction has been omitted, but (1) the trial judge questioned each juror about the burden before trial, and (2) counsel repeatedly emphasized the prosecution's burden during closing argument. Those are the facts of the present case. On those facts, it is reasonable to conclude Ayala had a fair trial. To be sure, the failure formally to instruct the jury was error. It is not clear, however, that the Supreme

12

Court has classified this situation as the type of error that is *per se* violative of the Constitution. Without that clarity, the Illinois appellate court was free to employ a harmless error analysis.

Because the Supreme Court has not explicitly addressed the omission of burden of proof instructions, and because that issue is conceptually distinct from the misdefinition of the burden of proof, this court does not find the Illinois appellate court's decision to be contrary to clearly established federal law as determined by the Supreme Court. Accordingly, habeas relief is not warranted on this claim. The court is mindful that this is an extremely close issue, and it appears to be one of first impression. Ayala, appearing *pro se*, succeeded in conveying the outline of a subtle and almost persuasive argument. Therefore, this court *sua sponte* issues a certificate of appealability.

### III. Substitution of Judges and Imposition of a Natural Life Sentence

Ayala next argues the trial court erred by (1) granting a motion for substitution of judges made by Ayala's co-indictee, who was the prosecution's main witness; and (2) imposing a natural life sentence. The Illinois appellate court rejected both these claims. Liberally construing Ayala's petition, he fails to establish the state court's decision was contrary to, or an unreasonable application of, federal law as determined by the

13

United States Supreme Court. Rather, the issues he raises present questions under state law. Federal courts can grant habeas relief only when the federal constitution has been violated. <u>Lilly v. Gilmore</u>, 988 F.2d 783, 789 (7th Cir. 1993). Accordingly, habeas relief is unwarranted on these claims.

## CONCLUSION

David Ayala's petition for writ of habeas corpus is denied. James Ryan is dismissed as a party respondent.

ENTER:


Suzanne B. Conlon
United States District Judge

September 30, 1997

14